**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 09-2160**

———————

JESSIE M. CASELLA,

  Plaintiff - Appellant,

  v.

MATT BORDERS, individually and in his official capacity;
UNNAMED TOWN OF CULPEPER POLICE OFFICERS 1 - 100,
individually and in their official capacity; SCOTT H.
BARLOW, Chief of Police in his official capacity; TOWN OF
CULPEPER POLICE DEPARTMENT,

  Defendants - Appellees.

———————

Appeal from the United States District Court for the Western
District of Virginia, at Charlottesville.  Norman K. Moon,
Senior District Judge.  (3:09-cv-00019-nkm-bwc)

———————

Argued:  September 24, 2010       Decided:  December 15, 2010

———————

Before SHEDD and KEENAN, Circuit Judges, and Robert J. CONRAD,
Jr., Chief United States District Judge for the Western District
of North Carolina, sitting by designation.

———————

Affirmed by unpublished per curiam opinion.

———————

Emmett Franklin Robinson, Sr., LAW OFFICE OF E. F. ROBINSON,
PLLC, Lake Ridge, Virginia, for Appellant.  Jennifer Lee
Parrish, PARRISH, HOUCK & SNEAD, PLC, Fredericksburg, Virginia;
Richard Hustis Milnor, ZUNKA, MILNOR, CARTER & INIGO, LTD.,
Charlottesville, Virginia, for Appellees.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jessie Casella lent her boyfriend a cellular phone containing images of her nude body. What she could not foresee was that law enforcement officers would eventually view these images in an act of voyeurism. Casella challenges these officers' actions under 42 U.S.C. § 1983 and the Fourth Amendment to the United States Constitution. The district court found Casella lacked a reasonable expectation of privacy in the contents of the cellular phone because she lacked control or dominion over the phone when officers seized it from her boyfriend. We agree, and accordingly, we affirm.

I.

During the early morning hours of March 30, 2008, police offers of the Town of Culpeper, Virginia, arrested Casella's then-boyfriend, Nathan Newhard. The officers searched Newhard incident to his arrest, and an unnamed officer seized the cellular phone he possessed. Casella had lent the phone to Newhard on February 1, 2008, "for his personal use." This unnamed officer opened the cellular phone's images folder, where he discovered nude images of Casella and Newhard in "sexually compromising positions."

3

Sergeant Matt Borders eventually gained possession of the phone. Casella alleges Borders then announced over the Town of Culpeper radio system to several additional unnamed officers, county deputies, and members of the public "that the private pictures were available for their viewing and enjoyment." She further claims that several officers who were unassociated with Newhard's arrest, as well as an acquaintance unassociated with the police department, traveled to police headquarters and viewed the pictures. Casella asserts she never gave her consent to Newhard or any other party to share or transmit the contents of the phone. She claims that as a result of these actions, she has suffered fear and anxiety over widespread dispersion of the images, leading to depression and other medical issues.

Casella and Newhard filed separate actions against the Town of Culpeper Police Department ("Town") and several of its officers, including Police Chief Scott Barlow, Sergeant Matt Borders, and Unnamed Town of Culpeper Police Officers 1-100. Casella alleged intentional infliction of emotional distress and violations of 42 U.S.C. § 1983. The district court dismissed the § 1983 claims and declined to exercise supplemental jurisdiction over the state-law claim. Casella appeals the district court's dismissal of her § 1983 claims.

4

II.

"[I]n order to state a claim under § 1983, a plaintiff must allege the violation of a right preserved by another federal law or by the Constitution." Kendall v. City of Chesapeake, Va., 174 F.3d 437, 440 (4th Cir. 1999) (citing Baker v. McCollan, 443 U.S. 137, 140, 144 n.3 (1979)). Casella alleges a violation of her Fourth Amendment rights.[1]

"The 'capacity to claim the protection of the Fourth Amendment depends . . . upon whether the person who claims the protection . . . has a legitimate expectation of privacy in the invaded place.'" United States v. Gray, 491 F.3d 138, 144 (4th Cir. 2007) (quoting Minnesota v. Carter, 525 U.S. 83, 88 (1998)). To be legitimate, a subjective expectation of privacy must be objectively reasonable. Id.

Where an individual claims an expectation of privacy in property held by another, this Court has looked at "whether that person claims an ownership or possessory interest in the property, and whether he has established a right or taken precautions to exclude others from the property." United States

---

[1] The district court, presumably out of caution in facing a confusingly worded Amended Complaint, addressed Casella's claims under both the Fourth Amendment and Fourteenth Amendment substantive due process. Casella's counsel made clear at oral argument, however, that she only appeals the district court's judgment regarding her assertion of her Fourth Amendment rights.

v. Rusher, 966 F.2d 868, 875 (4th Cir. 1992) (citing Rawlings v. Kentucky, 448 U.S. 98, 105-06 (1980)). "A person who is aggrieved by an illegal search and seizure . . . of a third person's . . . property has not had any of his Fourth Amendment rights infringed . . . ." Rakas v. Illinois, 439 U.S. 128, 134 (1978).

III.

We review de novo a district court's decision to grant a motion to dismiss. Novell, Inc. v. Microsoft Corp., 505 F.3d 302, 307 (4th Cir. 2007).

The parties do not dispute whether Casella had a subjective expectation of privacy in the contents of the cellular phone. They both agree she did. The parties differ, however, as to whether Casella's expectation of privacy was reasonable once she relinquished physical control of it.

Casella cites an unpublished Tenth Circuit case, Donohue v. Hoey, 109 Fed. Appx. 340 (10th Cir. 2004), in support of her position. In Donohue, a murder victim's husband sued when officers shared among one another the nude honeymoon photographs of his deceased wife. Id. at 348. That court held that the plaintiff, who had abandoned the photographs in his former home, had re-established any reasonable expectation of privacy he may

6

have lost when officers refused his demand to return the photographs. Id.

Donohue is both non-binding and unpersuasive. Once the Donohue plaintiff lost a legitimate expectation of privacy in the photographs by abandoning them in his former home, this expectation could not be reestablished merely by demanding them back from the police. After all, by the time police had possession of the photos, a private investigator working pursuant to police authority had already retained the negative images in his own file, and he could have shared the images with any number of people. Id. at 348. Further, Casella here fails to allege that she demanded the photographs back, making Donohue factually inapposite.

More legally on point, this Court addressed in an unpublished opinion a defendant prisoner's challenge to the search of his mail, which officers had seized from a third party's residence. United States v. Gallo, No. 87-5151, 1998 WL 46293, at *3 (4th Cir. May 12, 1988). The defendant argued that the third party held his mail only as a bailee and that, despite the third party's actual possession of it, the defendant had a reasonable expectation of privacy in the containers that were searched. Id. This Court held that the defendant lacked a reasonable expectation of privacy. Id. It stated:

7

> Imprisoned as he was, [the defendant] could not hope to exercise any control over those locations, and there is no evidence that he ever had exercised any control. While [the defendant] undoubtedly hoped and intended that these areas would not be searched by law enforcement officers, this has little to do with the objective reasonable expectation required for standing. The fact that some of the materials seized in the search were his property is not determinative. The fourth amendment inquiry focuses on expectations of privacy in the location or containers searched, not [on] property interests in items discovered in the search.

Id. (citing Rawlings, 448 U.S. at 105-06). While Casella is no prisoner, the legal principle fits well. Casella alleges no facts indicating she exercised a right to control the cell phone or its contents after giving the phone to Newhard. She "undoubtedly hoped and intended" that the images would not be viewed by anyone other than Newhard, but hopes and intentions do not make Fourth Amendment rights.

As the Supreme Court observed in Rakas, "one who owns or lawfully possesses or controls property will in all likelihood have a legitimate expectation of privacy by virtue of this right to exclude." 439 U.S. at 143 n.12. The Amended Complaint fails to assert facts from which the Court can infer that Casella, after she relinquished possession of the phone, had the right or ability to exclude others from viewing the images stored therein.

8

Casella's Amended Complaint further fails to allege any demands or limitations regarding dissemination of the cellular phone's contents.  Rather, she rests on the allegation that "At no time did Plaintiff give her consent to Nathan Newhard or any other party to the transmission or any sharing of the contents of her cellular telephone."  The mere absence of Casella's consent to transmit or share the images, however, does not make her expectation of privacy in those images reasonable.[2]  In addition, when Newhard was arrested on March 20, 2008, nearly two months had passed since Casella had lent him the phone, suggesting she lent the phone to Newhard for an extended period rather than on a day-to-day basis.

While the officers' actions as alleged may be reprehensible, the Fourth Amendment's scope of protection does not extend to the Appellant.  Casella fails to plead facts from which it is plausible to conclude that she had a reasonable, and therefore legitimate, expectation of privacy in the contents of the cellular phone.

---

[2] Casella attempts to buttress her arguments with facts not alleged in the Amended Complaint.  The Court will not consider facts not pled, nor will it entertain facts that cannot be inferred from the bare allegations of the Amended Complaint.

IV.

For the foregoing reasons, we hold that Casella lacked a legitimate expectation of privacy in the contents of the cellular phone. We therefore affirm the district court's dismissal of her § 1983 claim.

AFFIRMED